# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00126-MR

| | |
|---|---|
| **MAURICE JAQUAN BYERS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **INTERNAL REVENUE SERVICE** ) | |
| **COMMISSIONER CHARLES** ) | |
| **RETTIG and U.S. SECRETARY OF** ) | |
| **TREASURY JANET YELLEN,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending the *pro se* Plaintiff's "Motion to Proceed In Forma Pauperis Despite Prison's Refusal to Comply with Court Order in Accordance with 28 U.S.C. § 1915." [Doc. 9].

## I. BACKGROUND

The *pro se* Plaintiff, who is a state prisoner, brings this action against the Defendants Internal Revenue Service Commissioner Charles Rettig and Secretary of the United States Treasury Janet Yellen, alleging that the Defendants violated his due process rights and violated the Administrative Procedures Act by failing to provide him with federal economic impact

payments ("EIPs") authorized by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 26 U.S.C. § 6428(a)(1), the Consolidated Appropriations Act of 2021 (CAA), 26 U.S.C. § 6428A(a)(1), and the American Rescue Plan Act (ARPA), 26 U.S.C. § 6428B. [Doc. 1 at 6-7]. The Plaintiff also claims that the Defendants violated his due process rights by failing to respond to his report of suspected identify theft and refund fraud committed by his brother, in violation of 26 U.S.C. § 7529. [Id. at 7]. For relief, the Plaintiff requests, *inter alia*, that the Court issue an order directing the Defendants to send him the three EIPs that he claimed on his 2020 tax return, investigate the Plaintiff's allegations of suspected identity theft and refund fraud, and advise him of the results of that investigation. [Id. at 11-12].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

#### A. Motion to Proceed *In Forma Pauperis*

At the time that he filed his Complaint, the Plaintiff also submitted an application to proceed without prepaying fees or costs in this matter. [Doc. 2]. Because the Plaintiff is a prisoner, the Clerk of Court requested a copy of his prisoner trust account statement from his place of incarceration, Marion Correctional Institution ("Marion CI"). [Doc. 5]. After receiving this statement from Marion CI, the Clerk entered an Order waiving the initial partial filing fee and directing monthly payments from the Plaintiff's prison account. [Doc. 8]. Thereafter, the Court received the present motion to proceed *in forma pauperis* from the Plaintiff. [Doc. 9]. In that motion, the Plaintiff expresses

3

concern that Marion CI had not complied with the Clerk's Order for the production of his prisoner trust account statement, and he asks to proceed *in forma pauperis* despite the prison's purported lack of compliance. [Id.]. As noted, however, the prison did comply with the Clerk's Order, and the Plaintiff has been permitted to proceed *in forma pauperis*. Accordingly, the Plaintiff's second motion to proceed *in forma pauperis* [Doc. 9] is denied as moot.

### B. Plaintiff's Substantive Claims

As an initial matter, the Court notes that the Plaintiff purports to bring his claims pursuant to 42 U.S.C. § 1983. Section 1983, however, applies only to state actors acting under color of state law, not to federal actors. Tun-Cos v. Perrotte, 922 F.3d 514, 520 (4th Cir. 2019); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). Thus, to the extent that the Plaintiff attempts to bring this action pursuant to § 1983, his claims must be dismissed.

To the extent that the Plaintiff's claims can be construed as being brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 338 (1971), the Plaintiff fares no better. A Bivens action is a judicially created remedy designed to redress violations of constitutional rights by federal actors. See id. at 395-97. While the Plaintiff

casts both of his claims in term of due process violations, he is in fact asserting a failure of federal officials to comply with various federal statutes, which does not implicate the Plaintiff's constitutional rights. Thus, the Court will analyze the Plaintiff's claims directly under the statutes that he alleges were violated in this case.

### 1. Action for Payment of EIPs

The Plaintiff first seeks to compel the payment of three economic impact payments, or EIPs, which were authorized pursuant to the CARES Act, the CAA, and the ARPA. Specifically, the CARES Act created a $1,200 tax credit for eligible individuals. 26 U.S.C. § 6428(a). This tax credit was authorized to be distributed as an advance refund on 2020 taxes. 26 U.S.C. § 6428(f). As such, qualified individuals would directly receive the rebate as an EIP or so-called "stimulus check." The CARES Act directed the Secretary of the Treasury to issue the credit "as rapidly as possible" and specified that no impact payment "shall be made or allowed" after December 31, 2020. 26 U.S.C. § 6428(f)(3)(A). The CCA authorized a second tax credit of $600, which also was authorized to be paid as an EIP. 26 U.S.C. § 6428A(a), (f). This Act also directed the Secretary to issue the credit "as rapidly as possible" and specified that no impact payment "shall be made or allowed ... after January 15, 2021." 26 U.S.C. § 6428A(f)(3)(A)(i)-(ii). The ARPA, which

was signed into law in 2021, authorized a third EIP in the amount of $1,400 to eligible individuals. 26 U.S.C. § 6428B(b). The ARPA similarly directed the Secretary to issue the refund or credit "as rapidly as possible," and specified that no impact payment "shall be made or allowed . . . after December 31, 2021." 26 U.S.C. § 6428B(g)(3).

Initially, the IRS took the position that incarcerated individuals were not eligible for the EIPs. In response, a group of prisoners brought an action in the United States District Court for the Northern District of California, asserting violations of the Administrative Procedures Act. Scholl v. Mnuchin, 489 F. Supp. 3d 1008 (N.D. Cal. 2020) (Scholl I). These prisoners sought class certification and ultimately obtained a permanent national injunction barring the IRS from withholding EIPs solely on the basis of a person's incarcerated status. Specifically, the Scholl I court preliminary certified the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;

6

Case 1:22-cv-00126-MR-WCM   Document 10   Filed 08/08/22   Page 6 of 12

> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and [ ] any judicial officer presiding over this action and his/her immediate family and judicial staff.

Id. at 1047. The court ultimately granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

Scholl v. Mnuchin (Scholl II), 494 F. Supp. 3d 661, 692 (N.D. Cal. 2020). The court entered a permanent injunction and directed the Defendants to reconsider EIPs that were denied solely due to an individual's incarcerated status. Id. at 692-93.

With respect to specific payments, the Scholl II court stated as follows:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. Indeed, the court's Rule 23(b)(2) finding was premised on the "indivisible nature of the injunctive or declaratory remedy warranted but not an individualized award of monetary damages." Dkt. 50 at 42 (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 360-61, 131 S.Ct. 2541, 180 L.Ed. 2d 374 (2011)). The court's determination in this order is that the IRS's action was "arbitrary, capricious, ... or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action. 5 U.S.C. § 706(2). It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

Id. at 691.

Based on the allegations in his Complaint, it appears that the Plaintiff is a member of the Scholl class. The Plaintiff has been incarcerated since 2018, and he alleges that he filed tax returns in which he requested EIPs, but that such payments were denied solely due to his incarcerated status. Because the Plaintiff is already a member of the Scholl class, "he is not entitled to separate individual relief." Vaughan v. U.S. Dep't of Treasury, No. 21-cv-05674-PJH, 2021 WL 3373280, at *3 (N.D. Cal. Aug. 3, 2021).

While the court in Scholl found that EIPs could not be denied solely based upon an individual's status of incarceration, the court took no position

8

as to whether individual prisoners were entitled to recover the EIPs. "That responsibility [falls] to the IRS to make an individual determination." Id.; see also Bynoe v. Yellen, No. 3:21-cv-00509-MMD-WGC, 2022 WL 1516592, at *5 (Jan. 5, 2022), report and recommendation adopted, 2022 WL 1014982 (D. Nev. Apr. 5, 2022) ("Plaintiff's relief, it seems, is to make sure he has verified his identity with the IRS so that his 2020 tax return can be processed and the refund check issued. If Plaintiff has further issues with the payment of the funds, his recourse is to contact the IRS.").

To the extent that the Plaintiff asks the Court to compel the IRS to provide his EIPs, he is not entitled to assert a private cause of action for disbursement of these funds. See Bynoe, 2022 WL 1516592, at *5 ("[I]t does not appear that a private cause of action can be maintained under the legislation authorizing the disbursement of these funds. The laws do not indicate that there is a private cause of action for non-receipt of funds."); Phelps v. Mnuchin, No. 3:21-CV-327-JD-MGG, 2021 WL 2138506, at *4 (N.D. Ind. May 26, 2021) ("there is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds, and it is not this Court's function to raise up a cause of action where a statute has not created one") (citation and internal quotation marks omitted).

In any event, the funds that the Plaintiff seeks cannot now be distributed. The CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed, 26 U.S.C. § 6428(f)(3)(A); the CAA imposed a deadline of January 15, 2021, 26 U.S.C. § 6428A(f)(3)(A)(i)–(ii); and the ARPA imposed a deadline of December 31, 2021, 26 U.S.C. § 6428B(g)(3). As these deadlines have now passed, and no more funds may be issued, the Plaintiff cannot obtain the relief that he requests. See Hudson v. Dep't of Treasury, No. 1:21-cv-392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021); Vaughan, 2021 WL 3373280, at *3.

For all these reasons, the Plaintiff's claim for payment of his EIPs must be dismissed.

### 2. Claim for Failing to Investigate Identity Theft and Fraud

As his second claim for relief, the Plaintiff claims that the Defendants violated his due process rights by failing to respond to his report of suspected identify theft and refund fraud committed by his brother. [Doc. 1 at 7].

In asserting this claim, the Plaintiff alleges that the Defendants violated 26 U.S.C. § 7529, which sets forth the procedure to be followed in the event that the Secretary determines that there has been or may have been an unauthorized use of an individual's identity. However, "[p]rivate citizens cannot enforce the provisions of the Tax Code. That is the duty of the

10

Secretary of the Treasury and the Commissioner of the Internal Revenue Service, who are charged with the responsibility of administering and enforcing the Tax Code, including allegations of suspected fraud." <u>Seabury v. City of New York</u>, No. 06-CV-1477 (NGG), 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006).  As the Plaintiff cannot maintain a private cause of action for any purported violation of § 7529, this claim also must be dismissed.

## IV. CONCLUSION

For all these reasons, the Court concludes that the Plaintiff has failed to state a claim for relief. The Plaintiff's Complaint will be dismissed without leave to amend, as it is clear that no amendment would cure the deficiencies noted herein.  <u>See</u> <u>United States ex rel. Carson v. Manor Care, Inc.</u>, 851 F.3d 293, 305 n. 6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted).

**IT IS, THEREFORE, ORDERED** that the Complaint [Doc 1] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

**IT IS FURTHER ORDERED** that the Plaintiff's "Motion to Proceed In Forma Pauperis Despite Prisons Refusal to Comply with Court Order in Accordance with 28 U.S.C. § 1915." [Doc. 9] is **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED.**

Signed: August 6, 2022

Martin Reidinger
Chief United States District Judge